UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

**GEORGE CLARK,**

    *Plaintiff*,

v,

**COMFORT INN SUITES,**

    *Defendant.*

Civil Action No. 2:23-cv-2115

**COMPLAINT**

**Jury Trial Demanded**

**Electronically Filed**

---

## COMPLAINT
### Nature of the Action, Jurisdiction, and Venue

1. This is an individual action under the Age Discrimination in Employment Act of 1967, as amended (ADEA)(29 U.S.C. §621 et seq.), and the Pennsylvania Human Relations Act, 43 P.S. §955(d).

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

4. Plaintiff exhausted his administrative remedies by filing a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC) within the respective statutory periods (300 days/180 days) following the complained-of acts. Plaintiff is filing this Complaint within 90 days of receiving his Notice of Right to Sue from the EEOC.

## Parties

5. **Plaintiff George Clark** resides at 3824 Brighton Road, Pittsburgh, PA 15212. Plaintiff was employed by Defendant Comfort Inn Suites from in or about June 2021 until on or about June 23, 2023.

6. **Defendant Comfort Inn Suites** is a commercial business that owns and operates a hotel located at 820 East Ohio Street, Pittsburgh, PA 15212.

7. Plaintiff is an employee of Defendant within the meaning of the ADEA, PHRA and Pennsylvania common law.

8. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000.

9. Defendant has regularly employed Plaintiff in the state of Pennsylvania in the performance of work on behalf of Defendant and is subject to the provisions of the PHRA and Pennsylvania common law.

## Statement of Claims

10. Defendant employed Plaintiff from in or about June 2021, until on or about June 23, 2023.

11. Plaintiff was 70 years of age or older at the time of the events in this matter.

12. Plaintiff held the position of shuttle driver.

13. Plaintiff performed his job satisfactorily at all times he was employed by Defendant.

14. Plaintiff worked 24 hours or more per week at the beginning of his employment.

15. Over the course of his employment his hours worked were reduced.

16. Plaintiff did not ask for a reduction in his work hours.

17. Plaintiff asked for more hours but was refused more hours.

18. Plaintiff was terminated on or about June 23, 2023.

19. Plaintiff was given no reason for his termination.

20. There was more work available for Plaintiff prior to his termination.

21. There was work available for Plaintiff at the time of his termination.

22. That work was being performed by individuals significantly younger, with less relevant experience, than Plaintiff.

23. That work continues to be performed by individuals significantly younger, with less relevant experience, than Plaintiff.

24. During the course of his employment Plaintiff was subjected to age-based comments by management.

25. This included referring to Plaintiff as "the old guy."

26. Plaintiff found these comments offensive.

27. Plaintiff complained about these comments.

28. The managers making these comments were significantly younger (more than 30 years younger) than Plaintiff.

29. Plaintiff was qualified for the work that was available prior to his termination and the work that was available after he was terminated.

30. Significantly younger employees, with less relevant experience, were treated more favorably than Plaintiff prior to Plaintiff's termination by being given work Plaintiff was qualified to perform.

31. Significantly younger employees, with less relevant experience than Plaintiff, were

32. treated more favorably than Plaintiff by being retained when Plaintiff was terminated and being given work Plaintiff was qualified to perform.

32. Plaintiff was treated less favorably, and adversely, as compared to younger employees because of his age.

33. The real reason Plaintiff was terminated was because of a preference for younger workers and a bias against older workers, as expressed by management.

34. Plaintiff was discriminated against because of his age, in violation of the ADEA and PHRA.

## COUNT I: AGE DISCRIMINATION (ADEA/PHRA)

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this complaint as though the same were more fully set forth herein.

36. Plaintiff is in a protected group (over the age of 40).

37. Plaintiff is qualified for the position in question (shuttle driver).

38. Plaintiff suffered an adverse action: denial of work while employed.

39. Plaintiff suffered an adverse action: termination.

40. Plaintiff was denied work available and terminated because of his age.

41. Substantially younger workers were treated more favorably than Plaintiff in similar circumstances.

42. Defendant's motive in treating Plaintiff adversely compared to the younger workers and terminating Plaintiff was Plaintiff's age and a preference for younger workers.

43. Defendant actions were in violation of the law (ADEA and PHRA).

44. Plaintiff has suffered loss of job, loss of future earnings, loss of opportunity and loss of benefits as a result of the unlawful actions by Defendant.

45. Plaintiff is seeking lost wages, liquidated damages (ADEA), lost benefits (including retirement and health benefits), compensatory damages (PHRA), attorney's fees and costs.

## PRAYER FOR RELIEF

46. WHEREFORE, Plaintiff respectfully request that this Court:

    A. order Defendant to pay lost wages, liquidated damages (under the ADEA), compensatory damages (under the ADEA for denial of benefits and under the PHRA), attorneys' fees and costs, and post-judgment interest;

    B. order Defendant to pay wages and benefits lost due to his unlawful termination;

    C. order Defendant to pay interest; and,

    D. award such other relief as justice requires.

Respectfully submitted,

s/*Joseph H. Chivers*
Joseph H. Chivers, Esq.
PA ID No. 39184
The Employment Rights Group, LLC
100 First Avenue, Suite 650
Pittsburgh, PA  15222-1514
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763/Fax: (412) 774-1994

*Counsel for Plaintiff
George Clark*

Dated:  December 14, 2023